UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT WAYNE BALLARD,

        Petitioner,        Case No. 2:22-cv-10630
                                      Hon. George Caram Steeh

v.

NOAH NAGY,

        Respondent.
_____/

**OPINION AND ORDER (1) DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS, AND (4) DENYING MOTION FOR APPOINTEMENT OF COUNSEL**

Herbert Wayne Ballard ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner is serving a five-year prison sentence after he pled guilty in the Genesee Circuit Court to felon in possession of a firearm, possession of less than 25 grams of a controlled substance, and commission of a felony with a firearm. (Plea Tr. ECF No. 10-15.) Petitioner raises four claims in his habeas petition that attack the validity of his conviction, but the poorly drafted *pro se* pleading makes it difficult to discern the legal and factual bases for his claims. (Petition, ECF No. 1, PageID.2-6.)

Before the Court is Respondent's motion to dismiss, asserting that the petition is subject to dismissal either because it was untimely filed or because Petitioner failed to exhaust his state court remedies. (Motion to Dismiss, ECF No. 7.) The petition will be dismissed without prejudice for Petitioner's failure to exhaust state court remedies.

I.

On February 26, 2020, Petitioner pled guilty to the above offenses. (Plea Tr. ECF No. 10-15.) On April 8, 2020, Petitioner's motion to withdraw his plea was denied by the trial court, and he was sentenced to a controlling term of five years in prison. (Sent. Tr. ECF No. 10-16.) Petitioner did not attempt to appeal his conviction in the state courts, nor has he filed a motion for relief from judgment. (Genessee Cir. Ct. Dkt. ECF No. 10-1.) Petitioner's federal habeas petition was signed and dated on March 4, 2022, and it was filed on March 8, 2022.

II.

Respondent argues that the petition should be dismissed either because it was filed after expiration of the one-year statute of limitations or because Petitioner failed to exhaust his state court remedies. Petitioner did not respond to the motion and filed a motion seeking appointment of counsel.

With respect to the timeliness of the petition, the Court recognizes that if 28 U.S.C. § 2244(d)(1)(A) controls the starting date for the limitations period, the petition was filed more than one year after Petitioner's conviction became final, rendering it untimely. However, as the Court cannot fairly discern the nature of Petitioner's claims, and because he has not yet attempted to present any claims to the state courts, it is at least conceivable that a later starting point for the limitations period may arise during state post-conviction proceedings under § 2244(d)(1)(B-D).

Turning to the exhaustion requirement, a federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has yet to pursue any form of state court review of his claims, and he appears to have available state court remedies. Though the

time for filing a direct appeal has expired, Petitioner may file a motion for relief from judgment in the Genesee Circuit Court pursuant to Mich. Ct. R. 6.500 et seq. Petitioner may then appeal the trial court's disposition of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. *See* Mich. Ct. R. 6.509.

The Court notes that in *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what action a court should take if the dismissal of a habeas petition for failure to exhaust might jeopardize the timeliness of a subsequent petition. The *Palmer* court concluded that a stay is appropriate if less than 60 days remain on the period of limitations when the initial petition was filed. *Id*.; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007). Here, however, Petitioner does not appear to have *any* time remaining on the limitations period. If a future federal habeas petition is to be timely filed, it will have to be because a new later starting point arises during state collateral review. And because the limitations period will be tolled while Petitioner pursues state collateral review, *see* 28 U.S.C. § 2244(d)(2), there is no basis for staying the case instead of dismissing it without prejudice.

III.

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that the petition is subject to dismissal for Petitioner's failure to exhaust his state court remedies.

Finally, Petitioner is denied permission to appeal in forma pauperis because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

IV.

Petitioner also filed a motion for appointment of counsel. Appointment of counsel for prisoners proceeding in forma pauperis is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel in a habeas case is a privilege that is justified

only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). Here, no exceptional circumstances exist because the petition must be dismissed for Petitioner's failure to exhaust state court remedies.

V.

Accordingly, the Court 1) **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, 3) **DENIES** permission to appeal in forma pauperis, and 4) **DENIES** Petitioner's motion for appointment of counsel.

**SO ORDERED.**

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2023

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 12, 2023, by electronic and/or ordinary mail and also on Herbert Wayne Ballard #448199, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Brianna Sauve
Deputy Clerk